UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Master File No. 00-1334-MD-MORENO
Tag-Along Case No. 01-04730-CIV-MORENO

IN RE: MANAGED CARE LITIGATION
_____

KAREN LAUGEL, M.D.,

    Plaintiffs,

vs.

UNITED HEALTHCARE INSURANCE COMPANY and UNITED HEALTHGROUP INC.,

    Defendants.
_____/

## ORDER DISMISSING CASE BECAUSE OF *RES JUDICATA*

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss Plaintiffs' Complaint **(D.E. No. 20)** and Defendants' Motion to Remand **(D.E. No. 17)**. The Court has considered the motions, responses, replies and the pertinent portions of the record. The Court held a hearing on the issue of *res judicata* on July 21, 2008. Being otherwise fully advised in the premises, it is adjudged that the motion to dismiss is GRANTED and the motion to remand is DENIED for the reasons discussed below.

## RES JUDICATA

The issue in Defendant United's[1] motion to dismiss is whether this Court's final judgment in the *Shane* lawsuit in favor of Defendant requires dismissal of this case because of *res judicata*. Res

---

[1] All references to "Defendant" or "United" refers to all defendants in this lawsuit.

*judicata* applies in class actions. All members of the certified class are precluded from re-litigating any dispute arising from the same nucleus of operative facts of the first lawsuit. Cooper v. Fed. Reserve Bank of Richmond, 467 U.S. 867, 874 (1984). The elements for applying *res judicata* include: (1) the first decision must be rendered by a court of competent jurisdiction, (2) the first case must result in a judgment on the merits, (3) both actions must involve the same parties or their privies, and (4) both cases must arise out of a common nucleus of operative facts. In re Piper Aircraft Corp., 467 U.S. 867, 874 (1984). The parties in this case only dispute whether element four (both cases must arise out of a common nucleus of operative facts) is satisfied. This Court holds that for the reasons stated below element four is satisfied. *Res judicata* therefore bars this case.

Defendant asserts that both the *Shane* lawsuit and this case arise from the same nucleus of operative facts. The Plaintiffs do not dispute the similarity of factual allegations between the *Shane* lawsuit and this case. Instead, Plaintiffs make two alternative arguments that this case is excepted from the fourth element of *res judicata*.

First, Plaintiffs argue that *Shane* was dismissed on summary judgment because the *Shane* Plaintiffs did not have sufficient evidence. Further, Plaintiffs contend that this case asserts different causes of action than *Shane* that do not include the RICO conspiracy and aiding and abetting claims asserted in *Shane*. Therefore, according to Plaintiffs, "the Court's judgment [in *Shane*] is not being undermined" by allowing this lawsuit to proceed. Plaintiffs cite no cases supporting this argument. This argument is incorrect. The test is whether the cause of action arises out of the same nucleus of operative facts. *Res judicata* applies to bar "not only the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of facts." Twigg v. Sears, Roebuck & Co., 153 F.3d 1222 (11th Cir. 1998). The argument that the

Defendant in *Shane* won on summary judgment because of insufficient evidence is therefore inapposite to whether *res judicata* applies.

Second, Plaintiffs argue that *res judicata* only applies if the claims asserted in this case could have been asserted in *Shane*. In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001). The *Shane* Plaintiffs asserted RICO conspiracy and aiding and abetting in the Third Amended *Shane* Complaint. The causes of action in this case are all state law claims including state prompt-pay claims and breach of contract. Plaintiffs claim two reasons why the claims in this lawsuit could not have been asserted in *Shane*. First, Plaintiffs contends that the *Shane* Plaintiffs could not have asserted the state law claims in the *Shane* lawsuit because inclusion of state law claims from several states would have made class certification impossible under the Eleventh Circuit's Klay v. Humana, Inc. decision. *See* 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4455, p. 461 (2d ed. 2002); Gunnells v. Healthplan Servs., Inc., 348 F.3d 417, 432 (4th Cir. 2003). Second, Plaintiffs contends that the breach of contract claim in this lawsuit could not have been brought in *Shane* because this Court compelled breach of contract claims to arbitration in *Shane*.

The argument that Plaintiffs could not have asserted the claims in this lawsuit in *Shane* is incorrect. The Eleventh Circuit has defined claims that could have been asserted as (1) claims in existence at the time the original complaint was filed in the prior action and (2) claims actually asserted, at some point, in the prior action. Allen v. McCurry, 449 U.S. 90, 94 (1980). The parties do not dispute that some of the state law claims asserted in this lawsuit were asserted in iterations of the *Shane* complaint prior to the Third Amended *Shane* Complaint including the claim for breach of contract. The parties also do not dispute that the facts giving rise to these causes of action in this

case existed at the time of the filing of the *Shane* lawsuit. Further, the authority cited by Plaintiffs states that only <u>individual</u> plaintiffs (rather than class plaintiffs) may assert claims that could not have been brought in the initial action because of the inability to certify those causes of action. *See* 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4455, p. 461 (2d ed. 2002); <u>Gunnells v. Healthplan Servs., Inc.</u>, 348 F.3d 417, 432 (4th Cir. 2003). Therefore, Plaintiffs could have asserted (and with regard to some of the claims did assert) the state law claims in the *Shane* lawsuit.[2]

## JURISDICTION

Plaintiffs asked this Court in a separate motion **(D.E. No. 17)** to remand this case to state court. Plaintiffs argue that this Court does not have jurisdiction. This Court has ruled in other HMO cases that claims such as those made by Plaintiffs are completely preempted by ERISA. Complete preemption provides the federal court with federal question jurisdiction. Plaintiffs motion to remand is therefore denied for the reasons stated in this Court's orders in <u>Rodgriguez v. Health Options, Inc.</u>, C.A. No. 03-20429-CIV-MORENO (S.D. Fla. Aug. 29, 2003) and <u>Weinberger v. Aetna Health, Inc.</u>, C.A. No. 06-20249-CIV-MORENO (S.D. Fla. May 27, 2008).

Other district courts have disagreed with this Court about this issue instead ruling that no federal jurisdiction exists. Those cases include <u>Merkle, M.D., P.A. v. Aetna Health, Inc.</u>, C.A. No. 04-61713-CIV-COHN (S.D. Fla. Apr. 27, 2005); <u>Weinberger v. Vista HealthPlan</u>, C.A. 06-20138-

---

[2] The Plaintiffs at oral argument on this motion argued that all claims that arise from facts occurring after the dismissal of *Shane* fall outside the scope of *res judicata* because the *Shane* judgment can only preclude lawsuits arising from facts before the entry of that judgment. This Order does not render a decision on the merits of this issue. The parties did not discuss this issue in any of the pleadings related to the motion to dismiss. Therefore, the Court considers this argument waived.

CIV-KING (S.D. Fla. May 4, 2006); C.N. Guerriere, M.D., P.A. v. Aetna Health, Inc., 2007 WL 3528366 (M.D. Fla. Nov. 15, 2007); C.N. Guerriere, M.D., P.A. v. Aetna Health, Inc., 2007 WL 3334346 (M.D. Fla. Nov. 8, 2007).  In the absence of circuit court authority this Court certified this issue for interlocutory appeal to the Eleventh Circuit in Weinberger v. Aetna Health, Inc., C.A. No. 06-20249-CIV-MORENO (S.D. Fla. July 14, 2008).  That case involves a similar, but not identical, Florida statutory cause of action against a health plan.  If the Eleventh Circuit ultimately decides that no jurisdiction exists in federal court, however, it may be appropriate for this Court to enjoin the Plaintiff's lawsuit in state court under the All Writs Act because of *res judicata*.

## CONCLUSION

Plaintiffs' motion to remand is DENIED.  The complaint is DISMISSED with prejudice because *res judicata* bars this lawsuit from proceeding.  All pending motions are DENIED as moot.  This case is closed.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of August, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record